IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOSE ALFREDO SANCHEZ-SANCHEZ (BOP Register No. 90889-079),

Movant,

V.

UNITED STATES OF AMERICA,

Respondent.

No. 3:16-cv-1434-D-BN

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Jose Alfredo Sanchez-Sanchez, a federal prisoner proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, asserting that his 71-month sentence imposed pursuant to his conviction for illegal reentry after removal from the United States is invalid in light of two recent decisions.

The first is *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ["ACCA"] violates the Constitution's guarantee of due process," *id.* at 2563, and which the Supreme Court recently made retroactively applicable, *see Welch v. United States*, 136 S. Ct. 1257 (2016). The second is *United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016), *reh'g en banc granted*, 815 F.3d 189 (5th Cir. 2016), in which a three-judge panel of the United States Court of Appeals for the Fifth Circuit, applying *Johnson*, held that 18 U.S.C. § 16's statutory definition of "crime of violence" is unconstitutionally vague.

The Section 2255 motion has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, because "it plainly appears … that [Sanchez-Sanchez] is not entitled to relief." *Id.*

**Background**

As recounted in the Fifth Circuit's decision affirming the criminal judgment in this case,

> Sanchez-Sanchez pled guilty in 2013 to illegal reentry following deportation in violation of 8 U.S.C. § 1326. His presentence report (PSR) assigned a total offense level of 18, which included a 12-level enhancement pursuant to U.S.S.G. ("Guidelines") § 2L1.2(b)(1)(A)(ii) based on Sanchez-Sanchez's 1990 Texas felony conviction for aggravated assault with a deadly weapon. The PSR characterized the offense underlying the prior Texas conviction as a qualifying "crime of violence."

*United States v. Sanchez-Sanchez*, 779 F.3d 300, 303 (5th Cir. 2015) (citing U.S.S.G. § 2L1.2, cmt. 2 n.1(B)(iii)).

That decision, similar to the current collateral attack, concerned Sanchez-Sanchez's challenge to the Court's "application of an enhancement based on a prior Texas conviction for a crime of violence." *Id.* at 302-03 ("We are asked to determine whether the district court was precluded from relying on a Texas state court's facially inconsistent judgment of conviction, which recited Sanchez-Sanchez's plea of guilty to aggravated assault with a deadly weapon but made no separate 'affirmative findings'

on the use of a deadly weapon. Finding the inconsistency fully explained by the law of Texas, which provides that entry of a separate affirmative deadly weapon finding is relevant only to sentencing and does not alter the underlying offense of conviction, we affirm.”).

The Supreme Court denied Sanchez-Sanchez’s petition for writ of certiorari on June 29, 2015. *See Sanchez-Sanchez v. United States*, 135 S. Ct. 2911 (2015). This initial Section 2255 motion, which Sanchez-Sanchez certified was placed in the prison mailing system on May 22, 2016, *see* Dkt. No. 1 at 12, is therefore timely, *see* 28 U.S.C. § 2255(f)(1).

**Legal Standards and Analysis**

Sanchez-Sanchez’s *Johnson*-based challenge to the sentence imposed after his conviction for illegal reentry following deportation is merely one of many recently filed in this Court after the Fifth Circuit held, in *Gonzalez-Longoria*, that 18 U.S.C. § 16’s statutory definition of “crime of violence” is unconstitutionally vague.

But the panel decision in *Gonzalez-Longoria* was vacated when the Fifth Circuit granted rehearing en banc and is now of no precedential value. *See Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013) (“‘Unless otherwise expressly provided, the granting of a rehearing en banc vacates the panel opinion and judgment of the court and stays the mandate.’ 5th Cir. R. 41.3. Once the panel decision is vacated, it is of no precedential value.” (internal quotation marks omitted)).

And, even if that were not the case, by its terms, the *Gonzalez-Longoria* panel decision does not apply to all persons convicted under 8 U.S.C. § 1326 who received an

enhancement based on a prior conviction. It merely applied to those who received an eight-level enhancement because they "previously committed an 'aggravated felony' under U.S.S.G. § 2L1.2(b)(1)(C)." *Gonzalez-Longoria*, 813 F.3d at 227.

Beginning with *Johnson* and working forward,

> in *Johnson*, the [Supreme] Court held that the ACCA violated the constitutional prohibition against vague criminal statutes by defining "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B). [18 U.S.C. §] 16 contains a similar definition: a "crime of violence" is "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The Seventh and Ninth Circuits have both held that this language is sufficiently similar to the ACCA's language to suffer the same unconstitutional fate. *United States v. Vivas-Ceja*, 808 F.3d 719, 720 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015). We agree, and accordingly hold § 16 unconstitutional.

*Id.* at 226-27 (emphasis in original).

Sanchez-Sanchez, like many Section 2255 movants recently, fails to appreciate that Section 16's definition of "crime of violence" does not apply to all sentencing-guideline enhancements that could apply "[i]f the defendant previously was deported, or unlawfully remained in the United States after" certain convictions. U.S.S.G. § 2L1.2(b)(1).

One such conviction is "for an aggravated felony," which requires an "increase of 8 levels." *Id.* § 2L1.2(b)(1)(C). As the Fifth Circuit panel explained in *Gonzalez-Longoria*,

> "'aggravated felony' has the meaning given that term in 8 U.S.C. § 1101(a)(43)." Section 1101(a)(43), in turn, defines an "aggravated felony" as any of a list of offenses, including "a crime of violence (as defined in

> section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment is at least one year." Section 16 defines "crime of violence" as
>
> > (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* at 227 (brackets in original omitted).

There, the government did not contend that the defendant's applicable conviction qualified under Section 16(a), which thus implicated the "crime of violence" definition in Section 16(b). *See id.*

And as the *Gonzalez-Longoria* panel noted – critical to the Sanchez-Sanchez's sentence – "U.S.S.G. § 2L1.2 separately defines 'crime of violence.' Gonzalez-Longoria's offense undisputedly did not satisfy the *§ 2L1.2* definition of 'crime of violence'; the doubt is about the *§ 16* definition of 'crime of violence,' which is relevant to the § 2L1.2 definition of 'aggravated felony.'" *Id.* at 227 n.1 (emphasis in original).

Quite simply, *Johnson* – even as applied in the *Gonzalez-Longoria* panel decision – affords Sanchez-Sanchez no relief, because he did not receive an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) due to a prior "aggravated felony" based on 18 U.S.C. § 16(b). As the Court of Appeals explained concerning his 12-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A),

> [t]he Guidelines provide for a 12-level enhancement to a defendant's base offense level if he was previously deported after a conviction for a felony "crime of violence." Relevant for our purposes, the application note to

> section 2L1.2 defines the term "crime of violence" to include, among other enumerated offenses, "aggravated assault." Because the Guidelines "do not define the enumerated crimes of violence," we "adopt[ ] a common sense approach, defining each crime by its generic, contemporary meaning." We must do so even where, as here, the state's label for an offense is identical to that enumerated in the Guidelines. We have previously defined the generic meaning of "aggravated assault," looking to contemporary resources like the Model Penal Code, relevant treatises, modern state codes, and dictionary definitions. In the Fifth Circuit, "[t]he generic, contemporary meaning of aggravated assault is an assault carried out under certain aggravating circumstances." Among those circumstances we have listed "use of a deadly weapon."

*Sanchez-Sanchez*, 779 F.3d at 304 (footnotes omitted); *see also id.* at 305 (noting that Sanchez-Sanchez's "conviction under [Texas Penal Code Section] 22.02(a)(4), which criminalizes assault attended by use of a deadly weapon, would qualify as a crime of violence" (citations omitted)).

But there are still at least two other reasons why "it plainly appears" that Sanchez-Sanchez "is not entitled to relief." Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

First, his challenge is based on a sentencing guideline. And it appears that the Fifth Circuit has yet to directly decide whether *Johnson* applies to the Guidelines. *See Gonzalez-Longoria*, 813 F.3d at 227 ("If Gonzalez-Longoria had challenged [USSG] § 2L1.2 as unconstitutionally vague, we would have to determine whether guideline provisions are immune from vagueness challenges, as the Eleventh Circuit recently held." (citing *United States v. Matchett*, 802 F.3d 1185, 1195 (11th Cir. 2015) ("Because there is no constitutional right to sentencing guidelines – or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines – the limitations the Guidelines place on a judge's discretion cannot violate a defendant's

right to due process by reason of being vague." (quoting *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990))))).

The *Gonzalez-Longoria* panel further noted that the Fifth Circuit has "not previously decided this issue in a published case, though unpublished cases have agreed with the approach adopted by the Eleventh Circuit." *Id.* at 227-28 (citing *United States v. Velasquez*, No. 06-41469, 2007 WL 2437961, at *1 (5th Cir. Aug. 21, 2007) (per curiam) ("Velasquez's unconstitutional vagueness argument is unfounded because it challenges a Sentencing Guideline, not a criminal statute.")).

That said, there does appear to be a split among the United States circuit courts of appeals as to *Johnson*'s applicability to the Guidelines. *See, e.g., In re Robinson*, ___ F.3d ____, No. 16-11304-D, 2016 WL 1583616, at *2 n.2 (11th Cir. Apr. 19, 2016) (Martin, J., concurring in judgment) (collecting cases).

Second and more to the point, even if *Johnson*'s holding applies to the Guidelines directly, that holding still offers Sanchez-Sanchez no relief.

> To qualify for the enhancement under § 2L1.2(b)(1)(A)(ii), the crime of conviction must fall within one of two discrete categories of offenses. The first is a list of enumerated offenses.... The other ... is a "catch-all" provision, which defines a crime of violence as an "offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."

*United States v. Hernandez-Hernandez*, 817 F.3d 207, 211 (5th Cir. 2016) (quoting *United States v. Ceron*, 775 F.3d 222, 227 (5th Cir. 2014) (in turn citing U.S.S.G. § 2L1.2, cmt. n.1(B)(iii)); footnote omitted).

Sanchez-Sanchez's applicable crime of conviction fit within the first category, as an enumerated offense. *See Sanchez-Sanchez*, 779 F.3d at 304-05. But, even if it did

not, and if the "catch-all" provision was triggered, "crime of violence" as defined in Section 2L1.2(b)(1)(A)(ii)'s "catch-all" provision is not the same as "violent felony" as defined in ACCA. As the United States Court of Appeals for the Eleventh Circuit observed,

> confusion in this respect is understandable, for we have observed that whether a crime constitutes a "violent felony" under the ACCA involves an inquiry strikingly similar to that in determining whether a conviction is a "crime of violence" under U.S.S.G. § 4B1.1(a) inasmuch as the definitions for both are virtually identical. However, the sentencing guideline at issue in this case, U.S.S.G. § 2L1.2, defines "crime of violence" very differently than the ACCA does, so cases dealing with the definition of a "violent felony" under the ACCA are not applicable here.

*United States v. Contreras*, 739 F.3d 592, 598 (11th Cir. 2014) (citing *United States v. Harris*, 586 F.3d 1283, 1285 (11th Cir. 2009), and *United States v. Cortes-Salazar*, 682 F.3d 953, 957 (11th Cir. 2012); some internal quotation marks omitted); *see also Ontiberos-Silberio v. United States*, Case No. 1:15-cv-213 & Crim. No. B-13-282-1, 2016 WL 922434, at *4 (S.D. Tex. Jan. 29, 2016), *rec. adopted*, 2016 WL 1047395 (S.D. Tex. Mar. 9, 2016) ("Section 2L1.2(a) does not have a residual clause resembling the clause in the ACCA. Likewise, § 2L1.2(b)(1)(A)(ii) does not have a residual clause resembling the clause in the ACCA." (citations omitted)).

Therefore, it is plain that Sanchez-Sanchez is entitled to no relief on his Section 2255 motion.

## Recommendation

The Court should summarily dismiss the Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 31, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE