IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOSE ALFREDO SANCHEZ-SANCHEZ §
(BOP Register No. 90889-079), §
§
        Movant, §
§ Civil Action No. 3:16-CV-1434-D
VS. §
§
UNITED STATES OF AMERICA, §
§
        Respondent. §

MEMORANDUM OPINION
AND ORDER

Movant Jose Alfredo Sanchez-Sanchez ("Sanchez") moves for reconsideration under Fed. R. Civ. P. 59(e) to alter or amend the court's July 11, 2016 judgment summarily dismissing his motion for habeas relief under 28 U.S.C. § 2255. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996).[*] For the reasons that follow, the court denies the motion.

In this, his initial 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, Sanchez relies on two recent decisions to challenge a 12-level enhancement to his 2013 illegal reentry sentence. The applicable enhancement—under U.S.S.G. § 2L1.2(b)(1)(A)(ii)—was based on the determination that Sanchez's 1990 Texas felony conviction for aggravated assault with a deadly weapon is a "crime of violence." The first

---

[*]A Rule 59(e) motion must be filed within 28 days of judgment (as Sanchez has done), and such motions are allowed in federal habeas practice. *See, e.g., United States v. Jaimes-Valdez*, 2011 WL 4344096, at *1 (S.D. Tex. Sept. 14, 2011) (citing Rule 12, Section 2255 Rules).

decision applicable to the § 2255 motion is *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), in which the Supreme Court of the United States held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [the "ACCA"] violates the Constitution's guarantee of due process," *id.* at 2563, a decision the Supreme Court made retroactively applicable in *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016). The second is *United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016), in which a panel of the United States Court of Appeals for the Fifth Circuit, applying *Johnson*, held that 18 U.S.C. § 16's statutory definition of "crime of violence" is unconstitutionally vague. The *en banc* Fifth Circuit later reversed the panel decision and held "that 18 U.S.C. § 16(b) is not unconstitutionally vague." *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc). The Supreme Court has granted *certiorari* to consider whether § 16(b), as incorporated into the Immigration and Nationality Act's provisions governing an alien's removal from the United States, is unconstitutionally vague. *See Lynch v. Dimaya*, No. 15-1498, 137 S. Ct. 31 (2016).

In the instant case, following an independent review of the pleadings, files, and records in this case, the court adopted the magistrate judge's findings, conclusions, and recommendation, and summarily dismissed Sanchez's § 2255 motion on the basis that neither *Johnson* nor the panel decision in *Gonzalez-Longoria* is applicable to the sentencing enhancement that Sanchez challenges. Sanchez now asserts that the court should reconsider that conclusion, primarily in light of *Beckles v. United States*, No. 15-8544, 136 S. Ct. 2510 (2016), and *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016).

The Supreme Court has granted *certiorari* in *Beckles* to address whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2), and whether *Johnson*'s constitutional holding applies to the residual clause in § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under that provision cognizable on collateral review. This court has already explained, however, that "even if *Johnson*'s holding applies to the Guidelines directly, that holding still offers [Sanchez] no relief," because neither definition of "crime of violence" under § 2L1.2(b)(1)(A)(ii)—as an enumerated offense or under that section's "catch-all" provision—is "the same as 'violent felony' as defined in ACCA." *Sanchez-Sanchez v. United States*, 2016 WL 3752975, at *4 (N.D. Tex. May 31, 2016) (Horan, J.) (citing *United States v. Contreras*, 739 F.3d 592, 598 (11th Cir. 2014) ("[W]hether a crime constitutes a 'violent felony' under the ACCA involves an inquiry strikingly similar to that in determining whether a conviction is a 'crime of violence' under U.S.S.G. § 4B1.1(a) inasmuch as the definitions for both are virtually identical. However, the sentencing guideline at issue in this case, U.S.S.G. § 2L1.2, defines 'crime of violence' very differently than the ACCA does, so cases dealing with the definition of a 'violent felony' under the ACCA are not applicable here.")), *rec. adopted*, 2016 WL 3670041 (N.D. Tex. July 11, 2016) (Fitzwater, J.).

The decision in *Mathis* also provides no basis to reconsider the court's summary dismissal of Sanchez's motion to vacate.

> *Mathis* resolved a circuit split about when the modified categorical approach can be applied to try to narrow a statute when a court is considering whether that statute qualifies as a

> certain type of offense under federal criminal and immigration laws . . . . *Mathis* held that only the elements matter. So when a statute merely sets out multiple means for committing a crime, some of which match the generic offense and others that do not, the ordinary categorical approach applies and there is no match to the generic offense.

*Gomez-Perez v. Lynch*, 829 F.3d 323, 326-27 (5th Cir. 2016) (cited in the motion to reconsider).

The modified categorical approach may only be applied where a statute is "divisible"—that is, the statute "'sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile.'" *United States v. Hinkle*, 832 F.3d 569, 573 (5th Cir. 2016) (quoting *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 2281 (2013)). Under this approach, "a court may look to certain documents, including the indictment and the judgment, to narrow an offense that otherwise would not be a categorical match with an enumerated offense." *Gomez-Perez*, 829 F.3d at 326; *see also Descamps*, 133 S. Ct. at 2281 ("If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction.").

In *Gomez-Perez* the Fifth Circuit "applied *Mathis* to determine that the Texas simple assault statute was not divisible with respect to the mens rea requirement." *United States v. Villasenor-Ortiz*, ___ Fed. Appx. ____, 2017 WL 113917, at *3 n.6 (5th Cir. Jan. 11, 2017)

(citing *Gomez-Perez*, 829 F.3d at 328). And in *Villasenor-Ortiz* the Fifth Circuit determined that a subsequent version of Texas' aggravated assault statute is divisible under *Mathis*, *see id.* at *3, but the court of appeals declined to "express [an] opinion as to the effect, if any, of *Mathis* on" the version of that statute applicable to Sanchez's 1990 conviction, *id.* at *3 n.8.

While the Fifth Circuit has not stated definitively that the applicable statute remains a generic offense after *Mathis*, Sanchez has not shown that *Mathis* should be applied in post-conviction proceedings like this one because that decision announced a new right made retroactive on collateral review. *See Teague v. Lane*, 489 U.S. 288, 301 (1989) (plurality opinion) ("[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." (emphasis in original)). As the United States Court of Appeals for the Tenth Circuit recently observed, "the Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule and that its decision was dictated by decades of prior precedent . . . . Thus, *Mathis* did not announce a new rule. And courts applying *Mathis* have consistently reached the same conclusion." *United States v. Taylor*, ___ Fed. Appx. ____, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (collecting cases).

For these reasons, treating Sanchez's motion for reconsideration as a Rule 59(e) motion to alter or amend the judgment, the motion is denied.

**SO ORDERED**.

February 6, 2017.

          _____
          SIDNEY A. FITZWATER
          UNITED STATES DISTRICT JUDGE